UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16-cr-00037-JTN-22 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| SHAWN MCKNIGHT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on defendant Shawn McKnight's motion to enter a no-contest ("nolo contendere") plea. (ECF No. 352). The government opposes the motion. I conducted a hearing on the motion, at which Mr. McKnight and counsel for both parties appeared. Having considered the parties' oral and written submissions, and for the reasons stated below, as well as those stated on the record, I recommend that the Court deny Mr. McKnight's motion.

### Procedural History

Shawn McKnight is charged, along with 33 other defendants, with conspiracy to defraud the United States, in violation of 18 U.S.C. § 286. (Indictment, ECF No. 1). According to the indictment, the alleged conspiracy involved a scheme to file "false, fictitious, and fraudulent federal income tax returns" in order to obtain tax refunds. (*Id.*, PageID.3). The indictment specifically alleges that Mr. McKnight "attempted to

recruit others outside the prison to provide [personal identifying information]" that was to be used in filing the fraudulent tax returns. (*Id.*).

Mr. McKnight made his initial appearance on March 22, 2016. (Minutes, ECF No. 260). He is currently serving a state sentence at the Lakeland Correctional Facility in Coldwater, Michigan, and he was brought before this Court pursuant to a writ of habeas corpus ad prosequendum. (*See* ECF No. 248). The Court granted Mr. McKnight's request for court-appointed counsel, and, on March 23, 2016, the Court appointed Sarah Riley Howard to represent him. Mr. McKnight pled not guilty to the conspiracy charge at his arraignment on March 24, 2016. (Minutes, ECF No. 268). His trial is scheduled to begin June 6, 2016, with a final pretrial conference set for June 2, 2016. (Case Management Order, ECF No. 303, PageID.522).

<u>Defendant's Motion</u>

On April 29, 2016, Mr. McKnight filed his motion to enter a nolo contendere plea to the conspiracy charge. (ECF No. 352). In support of this motion, Mr. McKnight's counsel notes that, while the defendant "fully accepts responsibility for his actions and has indicated that he wants to plead guilty," counsel is "concerned with the potential lack of a factual basis to support a guilty plea." (Def's Br. at 1, ECF No. 354, PageID.626). This concern appears well founded, given Mr. McKnight's statements regarding his involvement in this case.

Mr. McKnight advises the Court that, if he were to proffer a factual basis under oath in support of a guilty plea, he would admit that, "while in prison, he attempted to obtain personally identifiable information of other people without their permission

from a former girlfriend who had access to such information through her employment" for the purpose of passing the information to co-defendant Derrick Gibson. (*Id.*, PageID.627). Mr. McKnight would state that "he believed that Mr. Gibson, who held himself out in the community as a talented tax preparer, had a way of performing this activity that would obtain larger – but legal – refunds than other tax preparers knew how to obtain." (*Id.*). He would also assert that he believed Mr. Gibson could pay him a "referral fee" for information relating to any such person who successfully obtained a tax refund. (*Id.*).

Mr. McKnight acknowledges that it "was wrong" to ask his former girlfriend to use the access she has through her employment to obtain names of individuals to pass along to Mr. Gibson (something she did not agree to do). (*Id.*). But he denies that he "understood" that Mr. Gibson was going to use the information to file false or fraudulent tax returns. (*Id.*, PageID627-28). Counsel for Mr. McKnight noted that his lack of understanding is "unlikely" to be the result of "deliberate ignorance or his attempt to obfuscate his responsibility," but rather, it is "due to an honest lack of understanding about matters like tax return preparation relevant to this case." (*Id.*, PageID.628).

During the hearing on the motion, government counsel offered a decidedly different version of Mr. McKnight's role in this case. The government advised that the evidence would prove that Mr. McKnight knew of the fraudulent nature of the tax returns to be filed, and that he expected to receive a share of the fraudulently-obtained tax refunds.

<u>Discussion</u>

As is evident from Mr. McKnight's putative proffer of facts, he would fall well short of establishing a factual basis for a guilty plea to the conspiracy charge. To the contrary, assuming his statements are true, he is not guilty of that offense.

The statute at issue prohibits persons from "enter[ing] into any agreement . . . or conspiracy to defraud the United States, or any department or agency thereof, by obtaining or aiding to obtain the payment or allowance of any false, fictitious or fraudulent claim." 18 U.S.C. § 286. In *United States v. Dedman*, the Sixth Circuit "clarified" that the elements of this offense are:

> (1) the defendant entered into a conspiracy to obtain payment or allowance of a claim against a department or agency of the United States; (2) the claim was false, fictitious, or fraudulent; (3) the defendant knew or was deliberately ignorant of the claim's falsity, fictitiousness, or fraudulence; (4) the defendant knew of the conspiracy and intended to join it; and (5) the defendant voluntarily participated in the conspiracy.

527 F.3d 577, 593-94 (6th Cir. 2008).

Mr. McKnight's assertion that he expected to receive only a "referral fee" from Mr. Gibson is, to say the least, inconsistent with the first element of the conspiracy charge. He appears to suggest that this referral fee would have been a lawful payment simply for sending potential tax clients to Mr. Gibson. Moreover, Mr. McKnight's claim that he lacked knowledge or understanding of Mr. Gibson's intent to file false, fictitious, or fraudulent tax returns necessarily precludes a finding of guilt regarding the third element of the offense charged.

There is no real question that Mr. McKnight is maintaining his innocence as to the charged offense, notwithstanding his professed willingness to plead guilty. (*See*

- 4 -

Def's Br. at 5, PageID.630 ("This is the more unusual situation where Mr. McKnight is willing to profess his belief that he is guilty, while it is defense counsel who questions whether he is guilty as a matter of law."). That fact is implicitly acknowledged in the pending motion through his counsel's request that the court consider allowing defendant McKnight to enter an "*Alford*" plea. (*See* Def's Br. at 5, PageID.630). "An *Alford* plea is a plea of guilty in which the defendant maintains his innocence." *United States v. Mancinas-Flores*, 588 F.3d 677, 681 (9th Cir. 2009) (citing *North Carolina v. Alford*, 400 U.S. 25, 36 (1970)). "An *Alford* plea differs from a nolo plea in that a defendant pleading nolo contendere takes no position on guilt or innocence, whereas a defendant entering an *Alford* plea takes the position that he is not guilty." *Mancinas-Flores*, 588 F.3d at 681.[1]

Rule 11 sets out the procedures for considering and accepting both guilty and nolo contendere pleas. *See* FED. R. CIV. P. 11(b). The district court has wide discretion in deciding whether to accept a nolo plea. *United States v. Bearden*, 274 F.3d 1031, 1035 (6th Cir. 2001). "Rule 11(b) clearly indicates that a criminal defendant has no absolute right to plead nolo contendere but instead 'may plead nolo contendere only

---

[1] Henry Alford was charged with capital murder. In the face of "strong evidence of guilt and no substantial evidentiary support for his claim of innocence," Alford's court-appointed attorney recommended a plea deal to second-degree murder. 400 U.S. at 27. At the plea hearing, Alford testified that he had not committed the murder, but he wanted to plead guilty to avoid the death penalty. *Id.* at 28. The trial court accepted the plea and sentenced him to 30 years' imprisonment. *Id.* The Supreme Court upheld the conviction, holding that "[a]n individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Id.* at 37.

with the consent of the court.'" *Id.* (quoting Rule 11(b)); *see also id.* (citing other circuit decisions recognizing the considerable discretion of district judges regarding nolo contendere pleas).

Rule 11 mandates that, "[b]efore accepting a plea of nolo contendere, the court must consider the parties' views and the public interest in the effective administration of justice." FED. R. CIV. P. 11(a)(3).[2]  While not specified in Rule 11(a)(3), "the reason for considering these factors is that nolo pleas come with various costs and benefits, and the court must ensure that in the case before it the benefits outweigh the costs." *Mancinas-Flores*, 588 F.3d at 682 (citing Fed. R. Crim. P. 11 advisory committee's note (1974); *United States v. Am. Bakeries Co.*, 284 F. Supp. 864, 868-69 & n.1 (W.D. Mich. 1968 (discussing pros and cons of nolo pleas)).

In this case, Mr. McKnight's counsel believes it to be in his best interests to enter a guilty plea – no matter whether it is accomplished through a nolo contendere or an *Alford*-type plea.  This is due to counsel's considered judgment, having reviewed the evidence in this case, that his likelihood of conviction at trial is significant.  (*See* Def's Br. at 5, PageID.630 ("There is strong evidence supporting the charges against Mr. McKnight.").  Counsel reasons that a guilty plea, with the benefits of acceptance of responsibility, "will benefit him in regards to sentencing and in having the best

---

[2]There is no provision in Rule 11 for an *Alford* plea.  "Thus, when a defendant offers what the courts and lawyers describe as an *Alford* plea, the defendant is actually offering, in Rule 11 terms, a guilty plea." *United States v. Mancinas-Flores*, 588 F.3d 677, 681 (9th Cir. 2009) (citing *United States v. Tunning*, 69 F.3d 107, 110-11 (6th Cir. 1995)); *see also Tunning*, 69 F.3d at 111 ("An *Alford*-type guilty plea is a guilty plea in all material respects.").

chance to avoid a restitution order and/or forfeiture judgment." (Def's Br. at 6, PageID.631).

I do not doubt that counsel is attempting to act in the best interests of Mr. McKnight, and I have confidence in her abilities to assess his chances of success at trial. But even assuming Mr. McKnight is allowed to enter a nolo contendere plea, his ability to obtain a reduction in his sentencing guidelines range is by no means certain. His chances in this regard would be further diminished should he enter an *Alford* plea. Application Note 1 to Section 3E1.1 of the Sentencing Guidelines provides that, in determining whether a defendant qualifies for a guidelines reduction for acceptance of responsibility, the Court is to consider, among other things, whether defendant truthfully admitt[ed] the conduct comprising the offense(s) of conviction," and whether he "truthfully admitt[ed] or [did] not falsely deny[] any additional relevant conduct." United States Sentencing Commission, <u>Guidelines Manual</u>, § 3E1.1, comment n.1 (Nov. 2015).

The Court must also consider the views of the government. Here, government counsel advises that the government objects to the entry of either a nolo contendere or an *Alford* plea. Counsel states that the government is prepared to try this case, and she outlined during the hearing at least some of the evidence she contends contradicts Mr. McKnight's version of his involvement in this matter. The Sixth Circuit has held that the government's opposition to the entry of a nolo contendere plea is sufficient in itself to warrant its rejection. *See Bearden*, 274 F.3d at 1036 ("[T]he government objected to the proffered nolo plea in the present case, and the district court would

have been within its discretion had it rejected Bearden's nolo plea on that basis." (citing *United States v. David E. Thompson, Inc.*, 621 F.2d 1147, 1150 (1st Cir. 1980) ("We know of no case in which an appeals court reversed a district court's refusal to accept a plea of nolo not supported by the prosecution.")).

Finally, and perhaps most importantly, I find that the entry of a nolo plea under the circumstances of this case would run contrary to the public's interest in the *effective* administration of justice. It is well known that many persons serving sentences in federal prisons continue to profess their innocence, often even after having pled guilty and provided a factual basis to support the plea. Many cite the difficulties in defending themselves against the considerable resources of the federal government. They also note, correctly, the significant incentive a Section 3E1.1 sentencing guidelines reduction provides for taking a plea deal. Allowing a defendant to plead guilty, even while professing his innocence, would only serve to diminish the public's confidence in the fairness in the administration of justice. It would likely also serve as an incentive to other defendants to pursue the same course of action.

This case is factually similar to *Bearden*, in which the Sixth Circuit upheld the district court's rejection of a nolo contendere plea. In *Bearden*, the defendant was charged with knowingly transporting stolen laptop computers in interstate commerce. *See* 274 F.3d at 1034. Bearden attempted to plead nolo contendere to this charge, while contending that he did not know that the laptops were stolen. *See id.* at 1034, 1036. While the magistrate judge recommended acceptance of the nolo plea, the district judge refused, stating: "I will not take a nolo plea. You may plead guilty and

- 8 -

I will sentence.  You may plead not guilty and we'll go to trial.  But I just don't take nolo pleas." *Id.* at 1034.  The Sixth Circuit, in upholding the district court's decision to reject Bearden's nolo plea noted: "Bearden has not offered a compelling reason for his offer to plead nolo contendere, other than his implausible claim that he did not know that the laptop computers at issue in the case were stolen.  A different conclusion might be required where the defendant could show a more compelling reason for pleading nolo contendere, but we leave that possibility for another day." *Id.* at 1036.

Defendant McKnight is presumed innocent under the law, and he remains under that presumption unless and until he is proven guilty beyond a reasonable doubt.  He has a constitutional right to persist in the not-guilty plea he entered at his arraignment and to proceed to trial.  He does not have a right to obtain the benefits of a guilty plea, while at the same time maintaining his innocence.

Accordingly, I recommend that defendant's motion to enter a nolo contendere plea be denied.

Date:  May 3, 2016          /s/ Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge

## NOTICE TO PARTIES

You have the right to <u>de novo</u> review of the foregoing findings by the district judge.  Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than 14 days after the plea hearing.  *See* W.D. MICH. L.CR.R. 11.1(d).